DAVIDSON, executor, *v.* STORY *et al.*, and *vice versa.*

106  799
108  165
f 108  349

106  799
f 112  620

1. The evidence warranted the auditor in finding that the estate of the defendant's testator was not entitled to any credit upon the item for professional services set up in defense to the plaintiffs' action; and there was no error in charging against such estate the amount alleged to have been retained for attorneys' fees, with interest from the time such amount was appropriated by the deceased.

(a) Can an executor, who is an attorney at law, charge the estate which he represents with the value of professional services rendered by him to the estate, unless the same be allowed by the ordinary as "extra compensation" for "extraordinary services"?

2. Even if in any case where legatees under a will resort to a court of equity for the settlement of an estate such court can relieve an executor from a forfeiture of commissions growing out of a failure to make returns, there was no error in the present case in refusing to exercise this power.

3. It being within "the province of the judge to determine upon whom the costs shall fall" in an equity case, the exercise of this power will not be controlled unless it is manifest that it has been abused. There was no error in the present case in requiring each of the parties to pay one half of the auditor's fee, nor in requiring the defendant to pay all other costs.

4. There was sufficient evidence before the auditor to authorize a finding in favor of the plaintiffs on all of the items which he allowed them. While in some instances the evidence was conflicting and in others not very strong, this court will not control the discretion of the trial judge in refusing to allow any of the exceptions of fact. There was no ruling by the judge on any of the exceptions of law which would require a reversal of the judgment.

5. When all of the exceptions of law and fact were dismissed, a decree should have been rendered without a verdict of a jury; but the rendition of the

verdict, though improper, will not require a reversal of the judgment. The judge intended that the verdict and decree should be entered in accordance with the auditor's report; and while it appears from the record that the decree does not exactly conform thereto, the judgment is affirmed, with direction that the verdict and decree be amended so as to conform to the auditor's report. As this could have been done in the superior court by a simple motion, and it was not necessary to bring the case to this court for this purpose, the costs of bringing the main bill of exceptions here will not be taxed against the defendants in error.

Argued February 3, 4, — Decided March 16, 1899.

Exceptions to auditor's report.    Before Judge Callaway. Richmond superior court.    May 2, 1898.

*W. T. Davidson* and *W. K. Miller*, for plaintiff in error. *H. C. Roney* and *Leonard Phinizy*, contra.

Cobb, J.    Elizabeth Story and M. E. Demore brought suit against the executor of Davidson, alleging that Davidson was the executor of the will of Albert H. Story, and that they were among the legatees under the will, and having purchased the interest of all of the other legatees, were entitled to the entire estate of the testator.    The petition prayed for an accounting as to certain specific items with which it was claimed the estate of Davidson was chargeable, and also "an accounting by the defendant for all sums collected and paid out for the estate of Albert H. Story" by Davidson as his executor. Upon the application of the plaintiffs an auditor was appointed, who, having heard the case, filed his report finding in favor of the plaintiffs as to certain items and against them as to others. The report concluded with the following summary, showing what the total amount of the recovery of the plaintiffs should be :

"Executor's commissions improperly retained.........$   172.31
Loss to estate in interest on Cary note....................   294.00
Rents collected and unaccounted for.....................   36.25

                                                                    502.56
Deduct amount due executor as shown above.........   203.16

Balance in plaintiffs' favor................................   299.40
7% interest thereon from Dec 2, '95 to date...........   47.42

                                                                    346.82

Attorney's fees improperly retained...................... 750.00

7% interest thereon from June 16, '91, to date......... 353.01

1,103.01

Total amount due this date........................... 1,449.83

Interest will run from this date (March 7, 1898) on ($299.40 and $750) $1,049.40 at the rate of seven per cent., to be added to the $1,449.83."

Exceptions, both of law and fact, were filed by the plaintiffs and by the defendant. The judge dismissed all of the exceptions, and passed an order confirming the auditor's report and directing a verdict and decree to be taken in conformity therewith, and also directing that the fee allowed the auditor for his services be divided equally between the plaintiffs and defendant. The defendant filed a bill of exceptions, complaining of the rulings of the judge which were adverse to him; and a cross-bill of exceptions, complaining of the refusal of the judge to sustain their exceptions, was filed by the plaintiffs.

1. Complaint is made that the estate of Davidson was improperly charged with the item of $750, with interest from June 16, 1891; it being contended that Davidson as executor of Story had receipted himself for this amount for services rendered by him as an attorney at law to Story during his lifetime and to his estate after death. Davidson had never made any returns to the ordinary, and therefore this amount had never been allowed by the ordinary as a proper charge against the estate. It would seem that the only way that an executor who is an attorney at law can be allowed compensation for professional services rendered the estate of which he is the executor is by an application to the ordinary for extra compensation. Section 3488 of the Civil Code provides for compensation for expenses and loss of time when the executor is required to go out of the county to attend to business of the estate, and section 3489 declares that "In other cases of extraordinary services, extra compensation may be allowed by the ordinary. But in no case is the allowance of extra compensation by the ordinary conclusive upon the parties in interest." Section 3484 prescribes the general rule in regard to compensation of an administrator, or an executor, which is 2 1/2% on all sums re-

ceived, and a like commission on all sums paid out. It would seem that any compensation other than this must be allowed by the ordinary. See in this connection *Bird* v. *Mitchell*, 101 *Ga.* 46. It is not necessary, however, in the present case to decide whether or not an executor could take compensation for services of this character without having made a return to the ordinary and having the claim allowed by him, as the evidence before the auditor warranted him in finding that the estate of Davidson was not entitled to any credit for professional services to Story while in life, or to his estate. The proof as to the character and value of these alleged services was too vague and indefinite to justify the auditor in allowing any part of the $750 item. He refused for this reason to do so. The judge has not seen proper to interfere in the matter, and neither do we.

Further complaint is made, in regard to this item, that no interest should have been charged until a demand was made upon the executor of Davidson. It was contended that this case fell within the rule laid down in section 2881 of the Civil Code, which declares that "Where money can be recovered because of a mistake, or other like reasons, no interest runs until after demand and refusal to refund." There is nothing in this case which would make the retention by Davidson of the attorneys' fees such a mistake as to make the section applicable, nor does any other reason appear which would relieve from the penalty of paying interest one who, without authority of law, diverts from the proper channel funds in his hands. That this diversion was made in good faith and with honest intentions is not sufficient to bring the case within the rule laid down in the section quoted. If Davidson's estate is liable for the retention of this amount, it is certainly liable for interest from the time that it was improperly retained, and the decision of the auditor to this effect was not erroneous.

2. The auditor refused to allow the estate of Davidson credit for commissions, and this is the foundation of one of the assignments of error. The failure of the executor to make returns forfeited his commissions. Civil Code, § 3491. It is contended, however, that under the circumstances of this case

the court should have relieved against this forfeiture. Even if in any case where legatees resort to a court of equity for a settlement of an estate the court can relieve against a forfeiture of commissions for failure to make returns, we can not say that there was any error in refusing to do so in the present case. There was evidence before the auditor tending to show that Davidson had been requested to make returns by the parties at interest in the estate, and that he had been requested by the ordinary to do so; and being himself a lawyer, the consequences of such failure were, of course, well known to him. It was contended, however, that there was an agreement between the legatees of Story and Davidson that the estate should be managed without regard to the strict rules of law, but according to the plan which is set up in the answer of the defendant. The evidence before the auditor was hardly sufficient to establish this contention, and his finding was that the same was not established.

3. It is alleged that the court erred in compelling the defendant to pay all the court costs and one half of the fee allowed to the auditor, and in not taxing the whole of that fee against the plaintiffs. This being a proceeding in equity, the costs could be taxed by the judge in such way as seemed to him proper under the circumstances of the case. We can not say there was any abuse of discretion in requiring the defendant to pay one half of the auditor's fee and all other costs. Civil Code, § 4850.

4. There was sufficient evidence before the auditor to authorize a finding in favor of the plaintiffs on all of the items which he has allowed. It is true in some cases the evidence was conflicting, and in others not very strong. We are not, however, prepared to say that the finding on any item is entirely unsupported by evidence, and therefore the discretion of the judge in refusing to allow any of the exceptions of fact will not be controlled. The exceptions of law which are not specifically dealt with above were either of such a character as not to require more elaborate treatment, or were not, in the language of Judge Callaway, "set out with sufficient clearness and distinctness to be considered."

5. This being an equity case, and all exceptions of law and fact having been dismissed, it was not the proper practice to have directed a verdict on the auditor's report, but a decree without a verdict should have entered thereon. *Hearn* v. *Laird*, 103 *Ga.* 275. So doing, however, will not be reason for re- versing the judgment, as the proper result has been reached. *Brown* v. *Ga. Mining Co.*, ante, 516.

There is a variance between the verdict and decree and the auditor's report, but it is not necessary to reverse the judgment in order to remedy this. It being clear from the record that the judge intended that the verdict and decree should follow the auditor's report, and the bill of exceptions showing that his attention was not called to this variance when the decree was signed, and was raised for the first time when the bill of ex- ceptions was tendered to him, direction is given that the ver- dict and decree be amended so as to conform to the report of the auditor. As this could have been done by simple mo- tion in the superior court, and the correction of the discrepancy did not necessitate a resort to this court, the costs of bringing the main bill of exceptions here will not be taxed against the defendant in error.

*Judgment on main bill of exceptions affirmed, with direction; cross-bill dismissed. All the Justices concurring.*