25824. CITY OF JESUP v. BENNETT et al.

Argued May 12, 1970—Decided July 13, 1970—
Rehearing denied July 28, 1970.

*William A. Zorn,* for appellant.

*Albert E. Butler,* for appellees.

Hawes, Justice. At issue in this case is the validity and effect of an Act of the legislature providing for a referendum to change the city limits of the City of Jesup. By an Act approved March 4, 1966, the legislature in § 6 of said Act provided that the corporate limits of that city shall extend to and embrace all of the following described property, to wit: "Beginning at a point located [north] 46° 30′ west a distance of 9,280.0 feet from the point of intersection of the center of Cherry Street and the center of the main line track of the Atlantic Coast Line Railroad in said city; thence north 43° 30′ east a distance of 9,280.0 feet; thence south 46° 30′ east a distance of 18,560 feet; thence south 43° 30′ west a distance of 23,560.0 feet; thence *north 46° 30′ east* a distance of 18,560.0 feet; thence north 43° 30′ east a distance of 14,280 feet to the point of beginning." (Emphasis supplied). Ga. L. 1966, pp. 3099, 3100. It is undisputed that this description which is embodied in the enrolled copy of the Act, as well as in the printed bound volume of the Laws, does not enclose any territory inasmuch as the fourth call or leg of the description, if literally followed, would extend from its point of intersection with the third leg in a northeasterly direction virtually parallel to the third leg, and thus when the fifth leg is projected from the terminus of the fourth leg in the direction called for by the description it cannot be made to meet with the point of beginning. It is also undisputed for the purpose of this decision that, if the fourth leg were changed to read, "north 46° 30′ west a distance of 18,560.0 feet," and if the fifth leg is then projected from the terminus of the fourth leg as set forth in the Act, the description would define a rectangle

or parallelogram with two sides of 18,560 feet and two sides of 23,560 respectively. Appellees contend, however, that the description is so vague and indefinite that it invalidates the whole Act and requires the holding made by the judge of the trial court that the Act is void and ineffective to extend the limits of the City of Jesup at all.

■ Appellees have filed in this court a motion to dismiss the appeal on the ground that the order appealed from, being one denying the defendants' motion to dismiss the complaint, is not a judgment from which a direct appeal will lie in the absence of a certificate of review. It is true that the judgment appealed from does recite that it was rendered "on defendants' motion to dismiss" and it does in fact overrule the motion. If the judgment had done no more than that, it, of course, would not be an appealable judgment in the absence of a certificate of review, but it did not stop there but went on to award a permanent injunction to the plaintiffs, granting to them all the relief which they sought in their complaint. Under these circumstances, the judgment was indeed a final judgment and subject to direct appeal under the provisions of *Code Ann.* § 6-701 (1). The motion to dismiss is without merit.

■ The question thus presented directly for our consideration is whether, under appropriate rules of construction, the word, "east," appearing in the fourth call can be read as "west" so as to give effect to the Act and not result in its destruction. No other question is raised by this appeal. It is, of course, fundamental that "the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 467 (62 SE2d 209). As was well said in *Erwin v. Moore*, 15 Ga. 361, 364, "the intention of the legislature is the cardinal guide to construction. 'The real intention, when collected with certainty, will always, in statutes, prevail over the literal sense of terms.' . . 'In construing a statute, wherever the intention of the legislature can be discovered, it should be followed with reason and discretion, though such construction should seem contrary to the letter of the statute.' "

In reaching a correct result in this case we are not unmindful that, where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. *Gazan v. Heery*, 183 Ga. 30, 39 (187 SE 371, 106 ALR 498). However, even though the literal language of an Act may be plain and unequivocal it is the duty of the courts, in determining the legislative intent under the cardinal rule first alluded to, to refrain from ascribing to the legislature a wholly unreasonable intention or an intention to do a futile and useless thing. *Board of Tax Assessors v. Catledge*, 173 Ga. 656, 658 (160 SE 909). So, where to construe an Act of the legislature in a particular way would, while hewing to its literal terms, result in defeating the obvious legislative purposes and intent, such construction will not be given where an obvious typographical or clerical error can be corrected so as to carry out such intent. *Cairo Banking Co. v. Ponder*, 131 Ga. 708 (1) (63 SE 218) ; *Lamons v. Yarbrough*, 206 Ga. 50, 54 (55 SE2d 551). Finally, in construing the statute so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute. *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, supra.

Applying the foregoing rules to the question before this court, we hold that the legislature did not intend to do a useless thing by passing an Act authorizing the extension of the city limits of Jesup upon the referendum of the voters in the area to be embodied in such extension and to describe such extension in a meaningless way so as to include therein no definable territory at all. The caption of the Act declares the intent of the legislature to change the corporate limits. The description embodied in the Act specifies a beginning point and five courses or calls of differing lengths ending with a return to the "point of beginning." This purpose would be accomplished but for the fact that the word "east" is inserted in one of the calls instead of the word "west." By changing "east" to "west" the purpose and intent of the legislature in passing this Act will be carried out. To give the Act this construction is consistent with accepted rules of judicial construction of

legislative Acts. Under these circumstances, such construction should be given the Act and we so construe it. It follows that the trial court erred in holding the Act invalid.

*Judgment reversed. All the Justices concur.*