## 59204. McDOW v. CORLEY et al.

SOGNIER, Judge.

The appellant, J. U. McDow, is an attorney-at-law who seeks to recover for services rendered to Elspeth Corley and her daughter, Carolyn Ann Corley, regarding the estate of Carolyn Ann's father. Upon the death of Mr. Corley, Elspeth Corley requested that McDow represent her daughter, the only heir to Corley's estate. A written agreement whereby appellant would be named administrator of the estate was executed by the parties. The contract included a provision that McDow would receive 25% of the estate as compensation for his services. As administrator appellant located and collected assets of the estate in the amount of approximately $70,000, $13,500 of which he disbursed to himself as attorney fees. In 1976 appellee filed a petition for an accounting by the administrator of the estate in the Probate Court of Fulton County; McDow answered with a petition for extraordinary compensation for attorney fees. The probate court denied McDow's petition and an appeal from that decision is now pending in the Superior Court of Fulton County. Appellant filed this separate action to recover $4,350 in attorney fees based on the contract for his services or, in the alternative, based on a theory of quantum meruit. Appellees' motion for summary judgment was granted by the trial court.

McDow appeals from that judgment.

Appellant contends that he is entitled to recover the value of his legal services as an attorney-at-law in connection with the administration of the Corley estate from the appellees and that this is not a suit to collect fees as an administrator. The written agreement while purporting to be between Mrs. Corley as guardian and Joseph U. McDow, attorney, provides for representation by McDow in "his capacity as administrator of the said estate." The contract also states that it "is retroactive inasmuch as Mr. McDow has been representing the estate of Robert A. Corley since his death." An administrator or guardian is an agent appointed by law, whose duties are fixed by law and whose compensation is fixed by law. The amount he charges is not determined by private contract but is fixed by law and determined by the judicial action of a court of competent jurisdiction. *Owen v. Galt,* 57 Ga. App. 259, 261 (195 SE 233) (1938); *Cagle v. Cagle,* 60 Ga. App. 769, 772 (5 SE2d 100) (1939). Code Ann. § 113-2001 provides that "As compensation for his services, the administrator shall have a commission of two and one-half per cent on all sums of money received by him on account of the estate . . . and a like commission on all sums paid out by him, . . ."

If an attorney is employed as an administrator of an estate and performs services in his capacity as both administrator and attorney, his remedy for payment for his legal services is a petition for extra compensation for other extraordinary services to the probate court. Code Ann. § 113-2008; *Davidson v. Story,* 106 Ga. 799, 801 (32 SE 867) (1899). McDow has made application for extra compensation to the probate court in Fulton County. Said application is still pending on appeal to the superior court. The trial court was correct in granting appellees' motion for summary judgment.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted January 11, 1980 — Decided April 23, 1980 — Rehearing denied May 12, 1980 —

*Joseph U. McDow,* pro se.
*Jackson C. Floyd, Jr., C. Glenn Stanford,* for appellees.