## 37708. INDEPENDENT INSURANCE AGENTS OF GEORGIA, INC. et al. v. DEPARTMENT OF BANKING & FINANCE OF THE STATE OF GEORGIA.

JORDAN, Chief Justice.

This appeal presents the question of whether a state bank may operate a general insurance agency in a town with a population of less than 5,000.

The Citizens and Southern Bank of Cobb County, a state bank, began this action by applying to the Department of Banking and Finance (The Department) for approval of a purchase of 100% of the stock of a general insurance agency in Austell, a municipality of less than 5,000 in population. The Department suggested that C & S amend its application to request approval to operate the agency through a new corporation to be wholly owned by C & S.

In May of 1979, the Department approved the amended application, and C & S formed the subsidiary. This subsidiary then purchased the assets of the insurance agency and began operation.

The individual appellants operate general insurance agencies in Cobb County, and the corporate appellant, Independent Insurance Agents of Georgia, is an association of agencies and persons licensed as insurance agents in Georgia. These parties brought suit in Cobb Superior Court claiming that C & S was not empowered under the laws of Georgia to operate a general insurance agency, and that consequently, the Department could not authorize such an activity. The trial court agreed, and the Department sought and obtained a review in the Court of Appeals. The Court of Appeals reversed, holding that the Department's action was proper in that state banks have the incidental power pursuant to Code Ann. § 41A-1202 (j) to engage in the business of insurance in towns with populations less than 5,000. This Court granted certiorari to review the permissi-

ble scope of the statutory powers of state banks in this area. We reverse.

State banks have only the powers granted to them by the General Assembly. These banks have been provided certain express and incidental powers by the Financial Institutions Code of Georgia. See Code Chs. 41A-12 and 13 et seq. It is undisputed that state banks do not have the *express* power to operate a general insurance agency; therefore, if there is any statutory authority for local banks to engage in the insurance agency business it is to be found under the "incidental powers" clause of Code Ann. § 41A-1202 (j).

In construing what constitutes an "incidental power," the statutory language is of prime importance. The words by which the legislature chooses to give expression to its wishes are persuasive evidence of legislative meaning. Code Ann. § 41A-1202 (j) provides that "Banks and trust companies shall, in addition, have the power ... to exercise all incidental powers as shall be necessary to carry on the banking or trust business. . . ."

We must decide whether the operation of a general insurance agency is "necessary" in order to carry on "the banking business." To resolve this issue we must make two determinations: (1) what constitutes "the banking business," and (2) what is meant by "necessary." This language has yet to be construed by the courts of this state; however, similar language has been interpreted by the federal courts. See, 12 USCA 24 (7), and Arnold Tours, Inc. v. Camp, 338 FSupp. 721, affd., 472 F2d 427 (1972); American Society of Travel Agents v. Bank of America, 385 FSupp. 1084 (1974); M & M Leasing Corp. v. Seattle First Nat. Bank, 563 F2d 1377, cert. denied, 436 U. S. 956 (1977); National Retailers Corp. v. Valley Nat. Bank, 411 FSupp. 308, affd. in pt., dismissed in pt., 604 F2d 32 (1979).

12 USCA § 24 (7) (a provision of the National Bank Act) provides that national banks "shall have power ... to exercise ... all such incidental powers as shall be necessary to carry on the business of banking. . . ." In Arnold Tours, Inc. v. Camp, supra, p. 432, the First Circuit held that an activity is necessary to the business of banking if it is "convenient or useful in connection with the performance of one of the bank's established activities pursuant to its express powers under the National Bank Act."

The court, recognizing the flexible meaning of the word necessary, adopted the "useful or convenient" interpretation in order not to strictly confine the use of new ways of conducting the business of banking. It rejected a reading of necessary as meaning an activity that is indispensable to the banking business.

In regard to what constitutes the banking business, the First Circuit held that the powers expressly granted by the National Bank

Act were the best guide.

The other federal cases cited above have followed the Arnold Tours interpretation. We find that approach to be reasonable and will apply it in construing the scope of the authority established by Code Ann. § 41A-1202 (j). Thus, for the operation of a general insurance agency in towns under 5,000 in population to qualify as an incidental power it must be convenient or useful to business expressly authorized by the Financial Institutions Code. If this connection between an incidental activity and an express power does not exist, the activity is not authorized as an incidental power.

After reviewing the powers provided for by Code Ann. §§ 41A-12 and 13 et seq., we conclude that the operation of a general insurance agency does not qualify as an "incidental power" as it is not convenient or useful in connection with one of the bank's activities established pursuant to the exercise of its express powers. The business of a general insurance agency encompasses selling various types of insurance to the general public. In operating such an agency, a bank would be engaged in an independent, profit-seeking venture unrelated to its express powers.

The principle of ejusdem generis, when applied to § 41A-1202, supports our construction. Where general words follow a list of particulars, the general words are construed to embrace only objects similar in nature to the particulars. *Hamlin v. Timberlake Grocery Co.,* 130 Ga. App. 648, 650 (204 SE2d 442) (1974). The heading of § 41A-1202 is "Additional Operational Powers," and (a) through (i) of that section enumerates certain powers necessary to the operation of and existence of the business authorized by a bank's express powers. For example, a bank must be able to acquire and hold property in order to transact its business. 41A-1202 (e). Subsections (a) through (i) do not grant to banks the power to operate any business distinct from the banking business, and the incidental powers clause of subsection (j) should not be construed to allow such activity. It is reasonable to construe the general words, "incidental power," to grant powers similar in nature to those provided by subsections (a) through (i). Clearly, the operation of a general insurance agency falls outside the realm of powers enumerated in the subsections of 41A-1202.

If the power to operate a general insurance agency by State banks in towns under 5,000 in population is needed, the proper forum to obtain this power is the legislature, just as national banks have done with Congress. See 12 USCA § 92.

*Judgment reversed. All the Justices concur.*

Decided January 5, 1982 — Rehearing denied January 26, 1982.

*Wilbur T. Fitzgerald,* for appellants.

*Arthur K. Bolton, Attorney General, Kathryn Allen, Assistant Attorney General,* for appellee.

*W. Stell Huie, C. Wilson Dubose,* amicus curiae.