### 74806. LIVELY et al. v. TRUST.
(361 SE2d 516)

POPE, Judge.

Plaintiffs Paul and Agnes Lively filed a lawsuit against defendant Trust and others arising out of the death of their son. Defendant Trust, a DeKalb County police officer, arrested the decedent when he found him seated behind the wheel of an automobile which had struck a utility pole in a single car accident. The decedent was able to respond to the officer's questioning at the scene but was unsteady on his feet and exhibited slurred speech and behavior otherwise consistent with intoxication. Therefore, defendant placed decedent under arrest for driving under the influence of alcohol and/or drugs. Defendant discovered a pint of brandy approximately one-third full and a bottle of prescription medicine on the front seat of the automobile. When defendant asked decedent how many pills he had taken, decedent responded he had taken only two. Before transporting decedent

to the police station for booking, defendant first transported him to the hospital for blood testing. Defendant informed hospital personnel that the subject may have been taking medication. Once decedent was booked for his arrest at the police station he became unresponsive to defendant's questioning. Pursuant to DeKalb County rules, the decedent was examined by a nurse before admission to jail. Upon the recommendation of the county nurse, emergency medical services were immediately called and decedent was transported to the hospital where he died from ingestion of excessive amounts of prescription drugs. Plaintiffs allege, inter alia, defendant is liable for negligence per se for violation of OCGA § 30-1-3 (b). Plaintiffs appeal from the grant of partial summary judgment to defendant as to the allegation of negligence per se.

"In determining whether the violation of a statute or ordinance is negligence *per se* as to a particular person, it is necessary to examine the purposes of the legislation and decide (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm it was intended to guard against." *Potts v. Fidelity Fruit &c. Co.*, 165 Ga. App. 546, 547 (301 SE2d 903) (1983). The issue in this case is whether a person intoxicated by alcohol and drugs is within the class protected by OCGA § 30-1-3 (b). According to said statute, "[b]efore any person who is found in a semiconscious or unconscious condition may be charged with a crime, it shall be the duty of all law enforcement officers in this state to make a diligent effort to determine if such person is an epileptic or diabetic or a person who is suffering from any other type of illness which would cause semiconsciousness or unconsciousness." In the event the officer determines a person "is actually suffering from an affliction which would cause semiconsciousness or unconsciousness" the statute imposes a duty on the officer to seek medical care for the person. Id.

"It is, of course, fundamental that 'the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose.' *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 467 (62 SE2d 209) [(1950)]." *City of Jesup v. Bennett*, 226 Ga. 606, 608 (176 SE2d 81) (1970). The preamble to House Bill No. 485, entitled "Protection of Persons Suffering from *Certain* Illnesses" (emphasis supplied), states its purpose is to provide certain rights to "any person who suffers from epilepsy, diabetes, a cardiac condition, or any other type of illness which causes temporary blackouts, semi-conscious periods, or complete unconsciousness. . . ." Ga. L. 1965, p. 176. Georgia was the first state to enact a statute addressing the duty of law enforcement officers to disabled persons. 9 Uniform Laws Ann. 743 (1979). Subsequent to the

passage of this statute in Georgia in 1965, the National Conference of Commissioners on Uniform Laws drafted model legislation known as the Uniform Duties to Disabled Persons Act. Id. at 750-755. The commentary accompanying the model act acknowledges the Georgia statute is confined "to epileptics, diabetics, or persons with heart conditions who might be arrested and charged with drunkenness when in actuality they are having a seizure or are in a coma." Id. at 744. The drafters of the model act expressly intended the model act to be broader than the Georgia statute in order to include "persons suffering from an overdose of various addictive drugs, and alcoholics. . . ." Id. at 744-745.

Plaintiffs argue the phrase "any other type of illness," contained within OCGA § 30-1-3 (b), is broad enough to cover decedent's condition from overdose of prescription drugs. "Where general words follow a list of particulars, the general words are construed to embrace only objects similar in nature to the particulars." *Independent Ins. Agents v. Dept. of Banking & Fin.*, 248 Ga. 787, 789 (285 SE2d 535) (1982). Subsection (a) of the statute authorizes persons suffering from certain diseases to wear identification bracelets or tags to alert persons to their condition during an emergency. The diseases listed are epilepsy, diabetes, and a cardiac condition. OCGA § 30-1-3 (a). The conditions listed are similar in that they are permanent, handicapping diseases, beyond the individual's control, which may render the afflicted person temporarily unable to care for himself. In contrast, intoxication from alcohol or drug overdose is a temporary, self-inflicted condition which is fundamentally different in character from the diseases specifically identified in the statute. The very purpose of the statute is to guard against mistaken arrest for intoxication when, in fact, the individual is suffering from a medical illness. How ironic it would be to interpret this statute as protecting an intoxicated person from being mistakenly identified and arrested as an intoxicated person. Accordingly, under the principle of ejusdem generis, the statute cannot be construed to include intoxication and drug overdose under the general term "illness."

It is undisputed in this case that defendant complied with the statute by checking decedent's person for identification indicating he was afflicted with an illness of the type specified in the statute. It is also undisputed that decedent was not wearing such identification and, in fact, did not suffer from any permanent illness specified in the statute. Therefore, summary judgment in favor of defendant as to plaintiff's claim for negligence per se is affirmed.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 —

Michael R. Hauptman, Robert G. Rothstein, for appellants.
Albert S. Johnson, Wade H. Watson III, Karen G. Kirkpatrick, James S. Owens, Jr., for appellee.