A95A2044. SAMS v. LESKANIC.
(469 SE2d 703)

SMITH, Judge.

Gary Sams, the County Guardian for DeKalb County, was appointed guardian of James Leskanic, an incapacitated adult, in November 1993. Leskanic died intestate in January 1994, and Sams was appointed administrator ex officio of Leskanic's estate. Pursuant to OCGA § 53-6-150, Sams petitioned for and was granted extra compensation of $711.50, which was disbursed from the estate. After completing the administration, Sams filed a final return, in which he sought the statutory commission on receipts and disbursements, including a commission on the extra compensation and on a previous commission of $46.80. The final return was denied by the probate court on the ground that it was "the practice of this Court to disallow commissions taken on . . . disbursements to a fiduciary which are for the payment of extra compensation or of regular commissions." Sams appealed that order to this court, which dismissed the appeal as interlocutory, since the administration was still pending in the probate court.

Sams then resubmitted the final return, again claiming his statutory commission on the sums disbursed to him for extra compensation and the previous commission, this time also requesting letters of dismission. The probate court amended the final return, denying Sams's commission on the two disbursements and reducing Sams's commission accordingly. It then approved the return as amended and dismissed the administration. Sams appeals from the probate court's order, contending the court improperly denied his statutory commission on two items.

Sams contends the probate court misinterpreted both OCGA § 53-6-140 and OCGA § 53-6-144 in concluding that he was not entitled to commissions on disbursements to himself for extra compensation or on a previous regular commission. OCGA § 53-6-140 (a) provides: "As compensation for his services, an administrator . . . shall have a commission of 2 1/2 percent on all sums of money received by him on account of the estate, except on money loaned by him and repaid to him, and a like commission on all sums paid out by him, either for debts, legacies, or distributive shares. The commissions are

part of the expense of administration and shall be paid from the general estate, if any; if none, they shall be deducted from the debt or legacy paid." OCGA § 53-6-144 provides, in pertinent part: "Unless otherwise specifically provided by the will, an administrator or executor is entitled to receive commissions on debts, legacies, and distributive shares paid to himself in the same manner as commissions to which he would be entitled under the terms of the will or applicable law on such items paid to others."

1. We are constrained by the language in OCGA § 53-6-140 (a) to agree with Sams that he is entitled to a commission on the sum disbursed to him as extra compensation. It is well established that an administrator's compensation is considered an expense of administration. OCGA § 53-6-140 (a). It is consequently a debt of the estate being administered, and it has priority over other debts. *Colyer v. Huntley*, 179 Ga. 332, 333 (175 SE 901) (1934); see *Woodall v. First Nat. Bank*, 118 Ga. App. 440, 441 (2) (164 SE2d 361) (1968); *Lester v. Toole*, 20 Ga. App. 381, 388 (4), (5) (93 SE 55) (1917). Indeed, the necessary expenses of administration rank third in priority of payment, only behind year's support and funeral expenses. OCGA § 53-7-91. "An administrator or guardian is an agent appointed by law, whose duties are fixed by law and whose compensation is fixed by law. . . . [Cits.] . . . If an attorney is employed as an administrator of an estate and performs services in his capacity as both administrator and attorney, his remedy for payment for his legal services is a petition for extra compensation for other extraordinary services to the probate court. [Cits.]" *McDow v. Corley*, 154 Ga. App. 575, 576 (269 SE2d 38) (1980). Since this payment to Sams was clearly an expense of administration and thus a "debt," OCGA § 53-6-140 clearly provides for the payment of commissions on "debts," and OCGA § 53-6-144 permits commissions on debts paid by the administrator to himself, we conclude that the probate court erred in refusing to allow the payment of a commission on extra compensation to the administrator.

2. We find a distinction, however, between "extra compensation" and "commissions," and we are troubled by the payment of commission on the latter. The cardinal rule of statutory interpretation is to ascertain the intent of the legislature. We are mindful that where the language of a statute is plain and unequivocal, the courts may not resort to construction of those statutes. But even in cases where the literal language of an act is plain and unambiguous, in determining the intent of the legislature we must not ascribe to that body a "wholly unreasonable intention or an intention to do a futile and useless thing." *City of Jesup v. Bennett*, 226 Ga. 606, 608-609 (2) (176 SE2d 81) (1970).

The apparent clarity of the statutory language in this case is deceptive; a literal application of that language to previously paid com-

missions results in an absurdity that is also an invitation to abuse. An administrator is entitled under OCGA § 53-6-144 to receive a commission on "debts" of the estate paid to himself. His statutory entitlement, however, is only to one payment of this debt. Allowing a commission on the disbursement of a commission would permit payment of the same "debt" twice. If payment of a commission on a previously paid commission is authorized, under the same reasoning payment of yet another commission on the second commission paid would appear to be authorized as well, and so on. The mere fact that the commission was a partial one and was paid earlier, before the submission of the final return, cannot be dispositive, for such reasoning would surely result in routine applications for piecemeal commissions. This cannot have been the intent of the legislature.

We conclude, therefore, that the probate court properly amended the final return to disallow the payment of a commission on a previously paid commission.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 14, 1996.

*Weekes & Candler, Gary M. Sams, Karen C. Gainey,* for appellant.

Robert Leskanic, *pro se.*