## S96A1386. DIAMOND v. THE STATE.
### (477 SE2d 562)

FLETCHER, Presiding Justice.

While attempting to flee from police after committing a burglary, Yolandia Delois Diamond ran a red light, struck another car, and killed the driver, her son, and a pregnant passenger. A jury convicted Diamond of felony murder, vehicular feticide, and several other offenses.[1] Diamond contends that there was insufficient evidence to find her guilty of felony murder because the burglary was complete at the time of the collision. Since the victims were killed while Diamond was fleeing the scene of the burglary, she was still in the commission of that burglary for purposes of the felony murder rule. We affirm.

The evidence presented at trial shows that Diamond and her co-defendant, Tommy Anthony Forrister, stole a white pickup truck from the Georgia Tech campus and got high from cocaine.[2] That evening, they broke into a house in Clayton County, stole a gun and jewelry, and set off the burglar alarm. As a police officer pulled into the driveway in response to the alarm, he saw a white truck driven by a woman race down the driveway and hit his car. The officer turned on his blue lights, siren, and alternating headlights and began pursuing the truck. During the high speed chase, the truck traveled at 70 to 90 miles per hour and passed cars erratically. After several minutes, a second officer took the lead in pursuit and was 200 yards back when the white truck struck a red car as it was turning onto the highway. The officer heard a loud banging, metal crashing, and brakes screeching and saw someone thrown out of the truck's passenger side window. When police approached the truck seconds later, the driver was pushing on the gas pedal and causing the truck to lurch forward onto the victims' car. Police pulled Diamond from the truck and arrested her. They detained Forrister after locating him at a nearby store. The driver of the red car and front seat passenger died at the scene; the five-year-old child died later at a hospital.

A jury convicted Diamond of three counts of felony murder, six counts of vehicular homicide, two counts of vehicular feticide, and one count of burglary, theft by taking, possession of a firearm during the commission of a felony, violation of the Georgia Controlled Sub-

---

[1] The crimes were committed on May 5, 1994, and the grand jury returned a 34-count indictment on November 4, 1994. The jury returned a guilty verdict on September 19, 1995, and the trial court imposed a sentence on October 4, 1995. Diamond filed a motion for a new trial on October 18, 1996, which the trial court denied on February 7, 1996. She filed her notice of appeal on February 22, 1996; the case was docketed in the clerk's office on May 22, 1996; and oral arguments were heard on September 9, 1996.

[2] For the opinion affirming Forrister's convictions, see *Graham v. State*, 266 Ga. 543 (468 SE2d 363) (1996).

stances Act, giving a false name, driving with a suspended license, fleeing a police officer, driving under the influence, and reckless driving. The trial court sentenced Diamond to consecutive sentences of life imprisonment for felony murder, twenty years for theft of a motor vehicle, and five years for possession of a firearm during the commission of a felony. In addition, the trial court imposed 12-month sentences, to be served concurrently, for driving on a suspended license and driving under the influence. The remaining counts were vacated as a matter of law or the trial court imposed a concurrent sentence or merged the count with other counts for purposes of sentencing.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Diamond guilty of the crimes charged.[3]

2. Under the felony murder rule, a person commits the offense of murder "when, in the commission of a felony, he causes the death of another human being irrespective of malice."[4] A murder may be committed in the commission of a felony, "although it does not take place until after the felony itself has been technically completed, if the homicide is committed within the res gestae of the felony."[5] We have previously determined that a homicide is within the res gestae of the underlying felony of armed robbery when committed while the suspect is fleeing the crime scene.[6] Relying on the weight of authority, we held that the underlying felony "continues during the escape phase of the felony if there is a continuous pursuit immediately organized" and terminates when the perpetrator arrives at a place of seeming security, is no longer pursued, or is arrested.

Following this rationale, we hold that Diamond was still in the commission of the burglary when she caused the death of three people. The police chase began at the scene of the burglary and continued until Diamond crashed into the red car and fatally injured its three occupants. To adopt Diamond's argument that the burglary was complete when she left the dwelling house would eliminate burglary as an underlying felony except when the murder occurs in the building that the person enters without authority.

3. Diamond challenges the trial court's sentencing in three ways. She argues that the trial court erred in sentencing her to (a) life imprisonment for felony murder rather than a lesser penalty for

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] OCGA § 16-5-1 (c).

[5] *Jones v. State*, 220 Ga. 899, 902 (142 SE2d 801) (1965).

[6] *Collier v. State*, 244 Ga. 553, 561 (261 SE2d 364) (1979), cert. denied, 445 U. S. 946 (100 SC 1346, 63 LE2d 781) (1980), overruled on other grounds, *Thompson v. State*, 263 Ga. 23, 26 (426 SE2d 895) (1993).

vehicular homicide, (b) twelve months for driving under the influence since that count merged with the vehicular homicide counts, and (c) twelve months for driving on a suspended license when the maximum punishment for that offense is six months.

(a) When a statute imposing a penalty is capable of two constructions, the court should construe the statute as imposing the lesser penalty.[7] The felony murder statute is separate from the vehicular homicide statute and is not ambiguous about the appropriate sentence. It states: "A person convicted of the offense of murder shall be punished by death or by imprisonment for life."[8] Therefore, the trial court properly sentenced Diamond to life imprisonment for felony murder.

(b) OCGA § 16-1-7 (a) prohibits multiple convictions for one crime. In *Malcolm v. State*,[9] we addressed the proper sentencing for offenses that are the underlying felonies in felony murder counts when the defendant's conviction for felony murder is vacated by operation of § 16-1-7. We stated that if the jury returns a guilty verdict for both malice murder and felony murder when there is a single victim, "it is proper for the trial court to treat the felony murder count as merely surplusage and then to proceed to determine whether the underlying felony did or did not merge, as a matter of fact, into the malice murder count."[10]

This same rule applies when a defendant is convicted of vehicular homicide, but the count is vacated due to § 16-1-7. Diamond was convicted of three counts of felony murder for the deaths of three persons and three alternative counts of vehicular homicide with the underlying traffic offense of driving under the influence. The vehicular homicide counts were vacated by operation of law and the trial court did not sentence Diamond on those counts because she can be convicted only once for the death of each victim. Since the vehicular homicide counts were treated as surplusage and the underlying traffic offense did not merge, as a matter of fact, into the felony murder counts, the trial court properly sentenced Diamond for the separate offense of driving under the influence.[11]

(c) OCGA § 40-5-121 (a) provides that the maximum penalty for a first offense of driving on a suspended license is six months imprisonment. The state presented no evidence that Diamond had previously been convicted of driving with a suspended license. Therefore,

---

[7] *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988).

[8] OCGA § 16-5-1 (d).

[9] 263 Ga. 369 (434 SE2d 479) (1993).

[10] Id. at 373.

[11] Cf. *Renner v. State*, 260 Ga. 515, 519, n. 3 (397 SE2d 683) (1990) ("if one is not *sentenced* for the felony murder (but for the malice murder, for example) then one can be sentenced for the underlying felony.").

we vacate the 12-month sentence imposed for driving on a suspended license and remand to the trial court for sentencing that conforms with the statute.

*Judgment affirmed with direction. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*Jeffrey W. Cofer,* for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.