## A97A2187. CHASTAIN v. THE STATE.
### (498 SE2d 792)

SMITH, Judge.

Anthony Wynn Chastain was convicted by a jury of driving under the influence of alcohol to the extent it was less safe for him to drive, OCGA § 40-6-391 (a) (1), violating the open container law, OCGA § 40-6-253 (b), and failing to maintain lane, OCGA § 40-6-48 (1).[1] He appeals his convictions and the sentence imposed by the trial court on the open container charge.

1. In his first enumeration of error, Chastain challenges the constitutionality of OCGA § 40-6-392 (f), which provides that a properly prepared certificate of inspection showing that a breath-testing

---

[1] The trial court directed a verdict of acquittal on a fourth charge of driving with a suspended license, OCGA § 40-5-121 (a).

instrument is in good working order shall be self-authenticating and admissible in court. Assuming without deciding that Chastain correctly preserved this enumeration for appellate review, we note that the Supreme Court already has upheld the constitutionality of OCGA § 40-6-392 (f). *Brown v. State,* 268 Ga. 76 (485 SE2d 486) (1997). Accordingly, this enumeration is without merit.

2. In his second enumeration of error, Chastain contends the trial court erred in admitting into evidence, over his best evidence objection, photocopies of the certificates required by OCGA § 40-6-392 (f) rather than the originals. At the time the certificates were offered as evidence by the State, the prosecutor explained that photocopies of the certificates were used because the originals needed to remain at the jail.

"OCGA § 24-5-4 (a) requires that '(t)he best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for.' Here the originals were accounted for and there is no evidence that the photocopies were not exact duplicates of the original certificates. Under these facts, the trial court did not abuse its discretion in admitting photocopies of the certificates of inspection. [Cits.]" *Fantasia v. State,* 268 Ga. 512, 514-515 (3) (491 SE2d 318) (1997) (original certificates cannot be submitted into evidence at every trial in which they are needed).

Even assuming the trial court erred in admitting the photocopies, we find that any such error was harmless because Chastain was charged with OCGA § 40-6-391 (a) (1) (less safe driver) and not OCGA § 40-6-391 (a) (5) (blood alcohol concentration) and the State never relied on the Intoxilyzer 5000 results to prove Chastain was driving under the influence. See, e.g., *Flowers v. State,* 181 Ga. App. 572 (2) (353 SE2d 69) (1987) (admission of cumulative evidence is harmless error).

3. In his third enumeration of error, Chastain argues the trial court erred in sustaining the State's objection, on the grounds of relevancy, to trial counsel's questioning of the arresting officer during a *Jackson-Denno* hearing. Chastain contends his counsel had a right to cross-examine the witness to determine whether Chastain was in custody at the time he made incriminating statements and, if so, whether Chastain had been advised of his *Miranda* rights.

We need not decide whether trial counsel's continued questioning of the witness was relevant because even if it was error to sustain the State's objection, any such error was harmless. Our examination of the record satisfies us that at the time Chastain made his statements, the arresting officer was merely conducting a routine investigation following a valid traffic stop. A police officer may briefly detain a motorist for roadside questioning following a routine traffic stop without advising the motorist of his or her rights against self-

incrimination. See *State v. Peters*, 222 Ga. App. 484 (474 SE2d 623) (1996); *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295) (1990). Inasmuch as the trial court did not err in finding that Chastain was not under arrest or in custody at the time he made these statements, it necessarily follows that the trial court did not err in sustaining the State's objections on relevancy grounds.

4. At the conclusion of his trial, Chastain was sentenced to two days in jail with credit for time served, twelve months probation, and a fine of $1,225 on the charge of driving under the influence; twelve months probation consecutive to the sentence on the charge of driving under the influence and a fine of $125 on the charge of open container; and twelve months probation concurrent on the charge of failure to maintain lane and a fine of $62.50. In his fourth enumeration of error, Chastain argues that because Georgia's open container law, OCGA § 40-6-253, makes no provision for incarceration, the trial court's sentence of 12 months probation was impermissible.

Under OCGA § 40-6-253 (b), it is unlawful for any person to operate a vehicle in this state while in possession of an open container of any alcoholic beverage. OCGA § 40-6-253 (c) further provides: "Any person who violates this Code section is subject to a fine not to exceed $200.00." Despite the plain and unambiguous language of this statute, the trial court sentenced Chastain to 12 months probation and a fine of $125, apparently relying upon the general penalty provisions of OCGA § 17-10-3 (a) (1), which set the maximum penalty for the commission of a misdemeanor at 12 months in jail and a $1,000 fine.

On appeal, the State argues that the trial court acted within its discretion in sentencing Chastain to probation under OCGA § 17-10-3 (a) (1) because all violations of the Uniform Rules of the Road (OCGA § 40-6-1 et seq.), including violations of the open container law, are misdemeanors pursuant to OCGA § 40-6-1. The only limitation imposed by OCGA § 40-6-253 (c) on Chastain's punishment, according to the State, is that the fine portion of the sentence cannot exceed $200. We disagree.

"In resolving this issue, we look to the literal language of the statute, the rules of statutory construction and rules of reason and logic, the most important of which is to construe the statute so as to give effect to the legislature's intent. [Cit.]" *State v. Nix*, 220 Ga. App. 651, 652 (1) (469 SE2d 497) (1996). Further, "[p]enal statutes are always construed strictly against the State and liberally in favor of human liberty and 24 CJS 1193, Criminal Law, 1979 states: 'Statutes prescribing punishment are strictly construed, and must be construed together. They never are construed against an accused or a convicted person beyond their literal and obvious meaning. . . . If a statute creating or increasing a penalty is capable of two construc-

tions, it should be construed so as to operate in favor of life and liberty.'" (Citations omitted.) *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969). Finally, "[w]here a crime is penalized by a special law, the general provisions of the penal code are not applicable." (Punctuation omitted.) *Curtis v. State*, 102 Ga. App. 790, 802 (118 SE2d 264) (1960). See also *Gee*, supra.

With these principles in mind, and applying them to the facts of this case, we find that the State is incorrect in its assertion that OCGA § 40-6-1 characterizes all violations of the Uniform Rules of the Road as misdemeanors. To the contrary, the statute provides: "It is unlawful and, *unless otherwise declared in this chapter with respect to particular offenses*, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter." (Emphasis supplied.) Different punishment schemes therefore are contemplated by this statute. First, punishment for violations of Code sections that have not "otherwise declared" their own penalties will be as provided for in OCGA § 17-10-3. Second, violations of Code sections that have criminalized certain acts and also have prescribed particular punishments for such acts will be controlled by the specific penalties imposed by those Code sections and not by the general law. This interpretation is entirely consistent with the rules of construction set forth in *Curtis*, supra at 801-802.

Because OCGA § 40-6-253 criminalizes the act of operating a vehicle while in possession of an open container of alcohol and also prescribes its own punishment for such an act (i.e., a fine not to exceed $200), we find the punishment for violations of this Code section to be governed by the specific statute, OCGA § 40-6-253 (c), and not by the general misdemeanor statute. To hold otherwise would completely defeat the clear legislative intent of providing for different types of punishment, other than misdemeanor treatment, with respect to particular offenses created by this statute.[2]

Because the trial court erred in sentencing Chastain to 12 months probation on his conviction for violating the open container law, this case must be remanded for resentencing in accordance with OCGA § 40-6-253 (c), which limits punishment to a fine of not more than $200.

*Judgment of conviction affirmed, sentence vacated in part, and case remanded for resentencing. McMurray, P. J., and Beasley, J., concur.*

---

[2] Other Code sections in this chapter provide for "other than misdemeanor treatment" for particular offenses. See, e.g., OCGA § 40-6-226 (f) (imposes different levels of punishment for various handicapped parking violations).

DECIDED MARCH 16, 1998.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*G. Channing Ruskell, Solicitor, Thomas J. Melanson, Assistant Solicitor*, for appellee.