## S99G1677. GLOVER v. THE STATE.
### (533 SE2d 374)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Glover v. State*, 239 Ga. App. 155 (521 SE2d 84) (1999), to consider its interpretation and application of OCGA § 42-8-34.1 (c). We reverse, because OCGA § 42-8-34.1 (c) does not, as the Court of Appeals concluded, authorize a trial court to revoke the balance of a probationary sentence when the probationer violates any special condition of probation.

The relevant facts are set forth by the Court of Appeals. In 1989, John Glover pled guilty to multiple counts of child molestation and related charges stemming from his repeated sexual abuse of a child under 14 years of age. Glover was given a sentence of thirty years, seven years to be served in prison with the balance on probation. In addition to the general conditions of probation, the trial court imposed several special conditions, including limiting Glover's contact with minor children and requiring Glover to attend counseling for sexual deviancy. After serving seven years in prison, Glover was released in 1996. In 1997, he was arrested for violation of the conditions of his probation by making contact at church with a four-year-old girl.

After a hearing, the trial court found that Glover violated, along with several general conditions of probation, three special conditions of his probation by making direct contact with a minor, engaging in volunteer work that brought him into contact with a minor, and failing to attend counseling. The court revoked Glover's original sentence and ordered him to serve ten years with the balance to be served on probation.

Glover moved to vacate his sentence on the basis that the court was authorized to revoke only a maximum of two years of his probation under OCGA § 42-8-34.1 (b).[1] The motion was denied, and the Court of Appeals affirmed, determining that the applicable portion of OCGA § 42-8-34.1 is subsection (c):

> If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defend-

---

[1] OCGA § 42-8-34.1 (b) provides:

At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to include community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.

> ant's admission is the commission of a felony offense *or the violation of a special condition imposed pursuant to this Code section*, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

(Emphasis supplied.) Citing *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996) and *Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996), the Court of Appeals concluded that this Court "implicitly recognized that the phrase 'imposed pursuant to this Code section' is meaningless, as § 42-8-34.1 does not authorize the imposition of any special conditions of probation." *Glover v. State*, supra at 158 (1). Based on this conclusion, the Court of Appeals overruled two of its decisions, *Lawrence v. State*, 228 Ga. App. 745 (492 SE2d 727) (1997) and *Dunlap v. State*, 231 Ga. App. 82 (497 SE2d 640) (1998), "to the extent that those cases hold that the phrase 'imposed pursuant to this Code section' limits the type of special conditions to which § 42-8-34.1 (c) applies." *Glover v. State*, supra at 160 (1). But, the Court of Appeals' analysis is unfounded and its conclusion unwarranted.

Judicial construction is appropriate only when a statute is ambiguous, and when the statutory language is plain and unequivocal, judicial construction is not only unnecessary but forbidden. *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999). The language of subsection (c) is plain and unequivocal. By its express terms, it applies to the commission of a felony offense or the violation of a special condition *"imposed pursuant to this Code section,"* that is, pursuant to OCGA § 42-8-34.1. The Court of Appeals found that the phrase, in essence, could be ignored because it concluded that the statute does not provide for the imposition of any special conditions of probation. Thus, revocation of the entire balance of a probationary sentence would be permitted when there is a violation of any special condition legally imposed. But, this Court's decisions in *Gearinger v. Lee* and *Manville v. Hampton* do not compel such a conclusion; neither case addressed the language at issue. While OCGA § 42-8-34.1 itself does not define "special condition," the Court of Appeals in *Dunlap v. State* and *Lawrence v. State,* plainly found that certain special conditions are authorized under that Code section.

Regardless of whether OCGA § 42-8-34.1 serves as a basis for imposing special conditions of probation, the Court of Appeals analysis is incorrect. If the phrase *"imposed pursuant to this Code section"* creates ambiguity requiring judicial construction, the appellate court must be guided by rules of statutory construction appropriate to interpreting provisions for criminal penalties. See *Chandler v. State*,

257 Ga. 775 (364 SE2d 273) (1988). It cannot be misled by approaches which "run afoul of basic precepts of criminal jurisprudence." *Fleming,* supra at 589.

OCGA § 42-8-34.1 (c) should be read "according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending [its] operation. . . ." *State v. Johnson,* 269 Ga. 370, 371 (1) (499 SE2d 56) (1998). But what is paramount is that a penal statute must always be interpreted strictly against the State and in favor of human liberty. *Fleming,* supra at 590; *Chastain v. State,* 231 Ga. App. 225, 227 (4) (498 SE2d 792) (1998). This means that when a statute which imposes a penalty is capable of two constructions, the statute must be found to impose the lesser penalty. *Fleming,* supra at 590; *Diamond v. State,* 267 Ga. 249, 251 (3) (a) (477 SE2d 562) (1996); *Chandler v. State,* supra. This is so no matter how deserving of punishment the conduct at issue may be. *Fleming,* supra at 589; *Waldroup v. State,* 198 Ga. 144, 145 (30 SE2d 896) (1944).

As this Court noted with regard to the issues in *Manville v. Hampton,* OCGA § 42-8-34.1 (c) is quite susceptible to results that may not have been intended.[2] Id. at 857. But, if that is so, it is for the legislature to re-examine the language of the statute and ensure that it accurately reflects its requirements for revoking probated or suspended sentences. Simply put, if the penalty provisions of subsection (c) are to apply to a violation of *any* special condition of probation lawfully imposed under the Code and thereby permit revocation of the balance of probation, the legislature needs to say so. This Court cannot, as the Court of Appeals did, resolve the issue in favor of increased punishment for the probationer.

*Judgment reversed. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority opinion offers neither a solution nor any guidance in this case of statutory construction. The majority initially relies upon *Dunlap v. State,* 231 Ga. App. 82 (497 SE2d 640) (1998) and *Lawrence v. State,* 228 Ga. App. 745 (492 SE2d 727) (1997) for the proposition that OCGA § 42-8-34.1 authorizes special conditions. However, the majority does not reconcile these two cases or even address the fact that they seriously differ from each other both in their analysis and in their interpretations of *Manville v. Hampton,* 266 Ga. 857 (471 SE2d 872) (1996) and *Gearinger v. Lee,* 266 Ga. 167 (465 SE2d 440) (1996). Instead, the majority finds that strict con-

---

[2] *Manville,* in fact, invited the General Assembly to thoroughly review OCGA § 42-8-34.1 (c) to rectify any problematic aspects. Id. at 860.

struction of OCGA § 42-8-34.1 (c) against the State and in favor of a lesser penalty is mandatory "[r]egardless of whether OCGA § 42-8-34.1 serves as a basis for imposing special conditions of probation. . . ." Under such analysis, a strict construction of the phrase "special condition imposed pursuant to this Code section" is necessary even if the Code section does not authorize any special condition. In my opinion, rather than mandating this contradictory and illogical interpretation of OCGA § 42-8-34.1 (c), the rules of statutory construction require a different approach. "[C]riminal statutes must be strictly construed, but that does not imply that such statutes are not subject to logical interpretation." *Bunge v. State*, 149 Ga. App. 712, 716 (3) (256 SE2d 23) (1979). " 'Although criminal statutes must be strictly construed, they must *first* be construed consistent with genuine legislative intent and in a manner which avoids absurd and contradictory results ((cits.)).' [Cit.]" (Emphasis supplied.) *State v. Mack*, 231 Ga. App. 499, 500 (499 SE2d 355) (1998). See also *Reynolds v. State*, 209 Ga. App. 628, 630 (1) (434 SE2d 166) (1993). Because OCGA § 42-8-34.1 itself does not authorize the imposition of any special conditions of probation, I believe that the language in subsection (c) is meaningless if construed literally and in a vacuum. However, by transposing the words therein, in accordance with the principle of statutory construction codified in OCGA § 1-3-1 (a), the meaningless phrase "pursuant to this Code section" should properly be construed as "pursuant to sections of this Code." In my opinion, the trial court correctly applied OCGA § 42-8-34.1 (c) in revoking Glover's probation for violating those special probationary conditions imposed pursuant to other Code sections and, consequently, I dissent to this Court's reversal of the Court of Appeals' affirmance of the judgment of the trial court.

In *Manville v. Hampton*, supra at 859 (2), and *Gearinger v. Lee*, supra at 170 (2), this Court recognized that OCGA § 42-8-34.1 (c) permits revocation of the entire balance of probation where a special condition has been violated. Although we did not specifically construe the statutory phrase "imposed pursuant to this Code section,"

"(s)tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation, (cit.), and this principle is particularly compelling when interpreting criminal statutes. (Cit.)" [Cit.]

*State v. Johnson*, 269 Ga. 370, 371 (1) (499 SE2d 56) (1998).

The rule which requires a strict construction of criminal

statutes does not mean that the natural, reasonable, and . . . accepted meanings of the words, are not to be given effect, or that they shall be disregarded, even though in order to do so it be necessary to treat the rational language employed as meaningless.

*Waldroup v. State*, 198 Ga. 144, 149 (30 SE2d 896) (1944). The literal and obvious import of the language "imposed pursuant to this Code section" is that the same Code section must provide for the imposition of the special condition before a violation thereof can result in revocation of the entire probation. However, OCGA § 42-8-34.1 does not authorize the imposition of *any* special probationary conditions. As the Court of Appeals recognized, OCGA §§ 17-10-1 (a) and 42-8-35 are the Code sections which authorize special conditions of probation. *Glover v. State*, 239 Ga. App. 155, 158 (1) (521 SE2d 84) (1999). And, contrary to *Lawrence v. State*, supra, OCGA §§ 17-10-8 and 42-8-34 (e), rather than OCGA § 42-8-34.1 (d), authorize the imposition of fines. *Glover v. State*, supra at 159 (1). Therefore, OCGA § 42-8-34.1 (c), when construed literally, does not apply to the violation of *any* special conditions.

The phrase in issue cannot refer to the alternatives to incarceration set forth in subsection (b) and to the fines mentioned in subsection (d). To the contrary, the alternatives to incarceration are simply not "conditions" of probation and, as noted above, subsection (d) does not authorize the imposition of fines. Under *Dunlap v. State*, supra, subsection (c) would apply only where the special condition was imposed at a prior revocation proceeding. However, all of the provisions for special conditions, regardless of when they are imposed, are found in other code sections and are not imposed "pursuant to" OCGA § 42-8-34.1 (c). I decline to resort to the "subtle and forced constructions" urged by Glover or applied by *Dunlap*. See *State v. Johnson*, supra.

On the other hand, this Court cannot adhere to the literal language of a statute if that would require us to ascribe to the General Assembly an intention to do a futile and useless thing. *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970); *Sams v. Leskanic*, 220 Ga. App. 202, 203 (2) (469 SE2d 703) (1996).

"An exception to the general rule that the use of plain and unequivocal language in a legislative enactment obviates any necessity for judicial construction is presented by the use of words the meaning of which in general acceptation is apparently obvious, and yet the purpose of the legislature would be defeated were the words employed construed literally. [Cits.]"

*Bibb County v. Hancock*, 211 Ga. 429, 439 (2) (86 SE2d 511) (1955).

> "The legislative intent will prevail over the literal import of the words." . . . "In the case of a mistake in a reference in a statute to another statute, . . . where the real intent of the legislature is manifest, and would be defeated by an adherence to the terms of the mistaken reference, the mistaken reference will be regarded as surplusage, *or will be read as corrected*, in order to give effect to the legislative intent."
> . . . "Legislative enactments are not, any more than other writings, to be defeated because of mistakes, errors, or omissions, provided the intention of the legislature can be collected from the whole statute." [Cits.]

(Emphasis supplied.) *Humthlett v. Reeves*, 211 Ga. 210, 219 (2) (85 SE2d 25) (1954). The transposition of words or phrases in a statute is permitted "where it is necessary to give the statute meaning and avoid absurdity, [and] where it is necessary to make the act consistent and harmonious throughout. . . ." 2A Sutherland Statutory Construction § 47.35, p. 277 (5th ed. 1992). In Georgia, courts must look diligently for the legislative intention, and "[g]rammatical errors shall not vitiate a law. A transposition of words and clauses may be resorted to when a sentence or clause is without meaning as it stands." OCGA § 1-3-1 (a).

"Though criminal statutes are to be construed strictly against the State, they are also to be construed so as to give legislative intent precedence over the literal import of words and to avoid unreasonable or illogical results. [Cits.]" *Felker v. State*, 172 Ga. App. 492, 493 (1) (323 SE2d 817) (1984). I believe that the General Assembly did intend to accomplish an objective when it enacted subsection (c) of OCGA § 42-8-34.1. Considering the statute as a whole, I conclude that the legislative intent was to permit a revocation of the entire balance of a probationary sentence whenever the probationer violates any special condition properly imposed pursuant to the law of this state. This Court should effectuate this intention by utilizing the clear authority of OCGA § 1-3-1 (a) and construing the words "this Code section" in OCGA § 42-8-34.1 (c) to mean "sections of this Code." In my opinion, therefore, the Court of Appeals correctly overruled *Lawrence* and *Dunlap*, and properly affirmed the judgment of the trial court revoking Glover's probation.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED JULY 10, 2000 —
RECONSIDERATION DENIED JULY 28, 2000.

*Dennis C. O'Brien,* for appellant.

*Patrick H. Head, District Attorney, Maria B. Golick, Bruce D. Hornbuckle, Dana J. Norman, Assistant District Attorneys,* for appellee.