A94A0087. STATE ETHICS COMMISSIONER v. MOORE.
(447 SE2d 687)

SMITH, Judge.

This is a discretionary appeal from an order of the Superior Court of Glynn County reversing a decision of the State Ethics Commission under the Ethics in Government Act, OCGA § 21-5-1 et seq. The Commission found that Moore, a candidate for a commissioner's post in Glynn County, inadvertently failed to report certain "common source" campaign contributions as required by OCGA § 21-5-30 (d) on the financial disclosure reports made pursuant to OCGA § 21-5-34 (a) (3), and assessed a fine of $250 against Moore. The superior court reversed the Commission on the basis of an error of law, and we affirm. OCGA § 50-13-19 (h) (4).

OCGA § 21-5-30 (d) provides: "Where separate contributions of less than $101.00 are knowingly received from a common source, such contributions shall be aggregated for reporting purposes. For purposes of fulfilling such aggregation requirement, members of the same family, firm or partnership or employees of the same person . . . shall be considered to be a common source." This Code section must be read in pari materia with OCGA § 21-5-34, governing disclosure reports, which provides: "A candidate for county office or the chairperson or treasurer of such candidate's campaign committee shall file the required campaign contribution disclosure reports with the election superintendent in the respective county of election." OCGA § 21-5-34 (a) (3). The Commission found that Moore received contributions at a fundraising reception from several persons who were connected by blood, marriage or business contacts with others who attended the event. While Moore knew of these relationships, her campaign treasurer testified that he did not, and therefore did not list them as "common source" contributions. Contrary to the dissent's assertions, the treasurer testified specifically that he was unaware of the family or business relationships of the contributors as well as the definition of what constituted a "common source" at the time he filed the report, and at least one member of the Commission noted that the treasurer did not intentionally violate the law.[1]

In its order, the superior court correctly noted the specific wording of OCGA § 21-5-34 (a) (3). Other provisions of the Act require that the candidate or officer make the required report. See, e.g., OCGA §§ 21-5-50; 21-5-34 (d), (e).[2] In contrast, subsection (a) (3) permits financial disclosure reports to be filed by the candidate, a campaign chairperson *or* a campaign treasurer. In this case, the campaign treasurer filed and signed the reports. There was no evidence that Moore prepared or reviewed the reports, and there was no evidence that the campaign treasurer had any knowledge regarding the common source contributions.

"The election law is in derogation of the common law and must be strictly construed." *Schloth v. Smith*, 134 Ga. App. 529, 530 (3) (215 SE2d 292) (1975). Moreover, when a statute imposes a fine or penalty, strict construction is required in favor of the person penal-

---

[1] The dissent complains that the Commission made no official finding with respect to the treasurer. This is not surprising because he was charged with no offense, was not a party to the proceedings, and was not required to refute a charge which was never made against him.

[2] On motion for reconsideration before the superior court, the Commission attempted to present evidence of violation of a different provision of the Act, OCGA § 21-5-34 (e). As noted by the superior court, the relevant facts and the applicable statutory provision were not raised in the original charge nor argued before the Commission, and cannot be addressed upon petition for review under OCGA § 50-13-19 (c). *Ga. Power Co. v. Ga. Pub. Svc. Comm.*, 196 Ga. App. 572, 573 (1) (396 SE2d 562) (1990).

ized. "The applicable rule of statutory construction is that forfeitures and penalties are not favored and statutes relating to them must be strictly construed, and in a manner as favorable to the person against whom the forfeiture or penalty would be exacted as is consistent with fair principles of interpretation." (Citations and punctuation omitted.) *Georgian Art &c. v. Gwinnett County Bd. of Tax Assessors*, 211 Ga. App. 510, 511 (439 SE2d 687) (1993). While asserting the general rule that statutes should be construed in order to give effect to legislative intent, the dissent ignores the case law requiring that those who will be subjected to criminal or quasi-criminal penalties be given fair warning of what constitutes punishable conduct.[3]

Strictly construing the Act as we must, we find no authority under the language of OCGA § 21-5-34 (a) (3) to impose a penalty on Moore for the conduct of her campaign treasurer in filing an inaccurate report. A campaign committee or treasurer may make the financial report under that subsection, and there is no corresponding requirement that the candidate personally verify or review the contents of that report. Since the treasurer was authorized to file and sign the reports, and based his disclosure of common source contributions on his own personal knowledge, only he could be the "violator" for the purpose of imposition of penalties under OCGA § 21-5-6 (b) (14).

Contrary to the dissent's assertion that a "dodge" was involved, the trial court and three members of the Commission noted that there was no evidence of fraud, intentional concealment, or misrepresentation on the part of Moore. We need not consider here whether an intentional or fraudulent effort to circumvent the provisions of the Act would produce a different result. Nor do we reach the issue of whether or to what extent the conduct charged to Moore was in fact a violation of the provisions of the Act.

The decision of *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 956 (216 SE2d 897) (1975), cited by the dissent, is wholly inapposite. That case involves the imposition of the civil sanction of dismissal for failure to obey a court order to respond to discovery under OCGA § 9-11-37. Moreover, it addresses the authority of an attorney to act on behalf of his client and the client's obligation to provide information to his attorney. We find no authority in *Sta-Power* for extending the duties inherent in the attorney-client relationship to the relationship

---

[3] In fact, *Caminetti v. United States*, 242 U. S. 470, 490 (37 SC 192, 61 LE 442) (1917), cited in one of the dissent's cases, clearly holds that "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms." 242 U. S. at 485. Contrary to the dissent's position here, the *Caminetti* court declined to amend the plain language of a criminal statute, despite a differing general statement of intent in the preamble. 242 U. S. at 489-490. It is instructive to note that none of the other decisions cited by the dissent for its proposition involve the imposition of criminal or quasi-criminal penalties.

of candidate and campaign worker. If imputed knowledge is to be made the basis of a fine or penalty, the intent of the legislature must be made abundantly clear. Such is not the case here.

The dissent's complaint that the Commission made no official finding with respect to Moore's campaign treasurer simply demonstrates the difficulties inherent in imputing, after the fact, quasi-criminal responsibility based on the actions of another who is not charged. Moreover, without such a finding of knowledge on the part of the treasurer, there is no basis upon which the charge against Moore can stand under the agency theory advocated by the dissent.

Disclosure of the sources of a political candidate's campaign funds is an important part of the legislative purpose of the Ethics in Government Act, and the stated purpose of the Act is to ensure fair elections and protect the integrity of the democratic process by placing candidates under scrutiny during the campaign. OCGA § 21-5-2. However, as the dissent concedes, where the language of the statute is plain and unequivocal, judicial construction is not only unnecessary but forbidden. *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970). We cannot, as the dissent contends, use a general statement of intent from another part of the Act to change the clear language and plain meaning of OCGA § 21-5-34, particularly in a case involving the imposition of a fine or penalty. See *Caminetti*, supra at n. 3.

The language of the statute is facially reasonable and capable of a logical construction. The legislature may well have determined that the elections for county office provided for under OCGA § 21-5-34 (a) (3) call for a different level of reporting requirements than the municipal and other elections provided for elsewhere in the Act. Fine distinctions are drawn from section to section in the Act regarding which persons are authorized to file the required campaign disclosure reports. We must assume, in the absence of evidence to the contrary, that these distinctions are intended by the General Assembly, and construe them as written.[4] If there is a need for change in the filing requirements under OCGA § 21-5-34 (a) (3), the responsibility for clarification or correction of explicit provisions of the statute must rest with the legislature, not the courts. *Snapper Power Equip. Co. v. Crook*, 206 Ga. App. 373, 375 (1) (425 SE2d 393) (1992). We therefore must affirm the ruling of the superior court.

*Judgment affirmed. Pope, C. J., Andrews, Johnson and Blackburn, JJ., concur. McMurray, P. J., Birdsong, P. J., Beasley, P. J.,*

---

[4] The Act has been amended on numerous occasions since its enactment, most recently in 1994. See Ga. L. 1994, pp. 258, 277. Had the legislature intended to change the provisions of OCGA § 21-5-34 (a) (3), it has had ample opportunity to do so. See *State v. Peters*, 213 Ga. App. 352 (444 SE2d 609) (1994).

*and Senior Appellate Judge Harold R. Banke dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as I do not agree with the majority's view that a candidate for public office or public office holder covered by the Georgia Ethics in Government Act may dodge financial disclosure laws by delegating reporting responsibility to a campaign treasurer who purportedly does not recognize contributions the candidate knows must be reported. It is my view that Georgia's Ethics in Government Act places ultimate responsibility for accurately reporting information regarding campaign contributions upon candidates applying for public service.

There is no dispute that ample evidence supports the finding of the State Ethics Commission that Karen F. Moore failed to disclose campaign contributions she knew had to be reported under OCGA § 21-5-30 (d). However, the majority affirms reversal of this ruling based on the perception that OCGA § 21-5-34 (a) (3) does not "impose a penalty on Moore for the conduct of her campaign treasurer in filing an inaccurate report."[5] The majority points out that this Code subsection allows either a candidate for public office or the candidate's campaign treasurer to submit the required disclosure report and thus reasons that Moore was relieved of any obligation to "personally verify or review the contents of that report" because the report was filed by her campaign treasurer. I cannot go along with this

---

[5] The majority improperly concludes that Moore "inadvertently failed to report certain 'common source' campaign contributions . . ." and that Moore's campaign treasurer (Robert L. Crouch, Jr.) did not deliberately file false campaign contribution reports. The State Ethics Commission is the sole arbiter of the facts in resolving such issues, not a reviewing court. See *Ga. Pub. Svc. Comm. v. Southern Bell*, 254 Ga. 244, 247 (327 SE2d 726) (1985). In the case sub judice, the State Ethics Commission made no finding as to whether Moore "inadvertently failed to report certain 'common source' campaign contributions . . ." or whether her campaign treasurer knowingly filed false campaign contributions reports. The State Ethics Commission findings of fact simply provide that Moore reviewed the relevant list of campaign contributors; that Moore was aware that this list included reportable "common source" contributions; that "[o]n January 7, 1992, Ms. Moore submitted her 1991 year end supplemental disclosure report[; that this] report was prepared by her treasurer, but not reviewed by Ms. Moore prior to filing[; that 'this] report did not identify any contributions as being aggregated due to their having a 'common source' as defined under O.C.G.A. § 21-5-30 [and that a] subsequent March 23, 1992, amendment to this report also did not identify specifically any 'common source' contributions." It is my view that the majority oversteps this Court's authority by weighing evidence presented to the State Ethics Commission. However, assuming this Court has such factfinding power, my review of the administrative hearing transcript reveals evidence which authorizes a finding that Moore recklessly disregarded her duty under the Ethics in Government Act by failing to review two campaign contribution reports submitted on her behalf, by failing to make sure that her agent in charge of filing campaign contributions reports was fully apprised of facts she knew were necessary for filing an accurate report and by failing to make sure that her campaign treasurer was versed as to basic requirements of the Ethics in Government Act. This latter omission is demonstrated by Crouch's testimony that he "wouldn't know a common source contribution if he saw it. . . ."

logic as it allows avoidance of the Ethics in Government Act via delegation (to a subordinate) of the duty imposed by OCGA § 21-5-30 (d).

" ' "It is, of course, fundamental that 'the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose.' *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 467 (62 SE2d 209) [(1950)]. . . ." *City of Jesup v. Bennett*, 226 Ga. 606, 608 (176 SE2d 81) (1970).' *Wall v. Board of Elections of Chatham County*, 242 Ga. 566, 573-574 (250 SE2d 408) (1978). Although 'the legislative intent prevails over the literal import of words' (*Drake v. Thyer Mfg. Corp.*, 105 Ga. App. 20, 22 (123 SE2d 457) (1961)), 'where a . . . statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. (Cits.)' *Rayle Electric Membership Corp. v. Cook*, 195 Ga. 734, 735 (25 SE2d 574) (1943). 'In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent.' Caminetti v. United States, 242 U. S. 470, 490 (37 SC 192, 61 LE 442) (1917); Samuelson v. Susen, 576 F2d 546, 552 (3d Cir. 1978)." *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

The Georgia General Assembly clearly states that the intent of the Ethics in Government Act is to require public disclosure of information which will allow "the public to determine whether significant private interests of public officers have influenced the state's public officers to the detriment of their public duties and responsibilities. . . ." OCGA § 21-5-2. To this end, the legislature enacted OCGA § 21-5-34 (a) (3) which requires public disclosure of campaign contributions to a candidate for county office. OCGA § 21-5-3 (3). Such contributions exceeding $101 during a calendar year must be listed in a campaign contribution disclosure report. To avert circumvention of this reporting requirement, OCGA § 21-5-30 (d) provides that "[w]here separate contributions of less than $101.00 are knowingly received from a common source, such contributions shall be aggregated for reporting purposes." However, the majority provides an avenue for averting the reporting requirements of OCGA § 21-5-30 (d) via a strained interpretation of the conjunctive word, "or," in OCGA § 21-5-34 (a) (3).

According to the majority, the word, "or," as applied in OCGA § 21-5-30 (d), means that a candidate for public office may avert responsibility under the Ethics in Government Act by simply delegating responsibility to an unknowing, ineffective or unscrupulous subordinate. In fact, the majority's interpretation of OCGA § 21-5-30 (d) means that a candidate for public office is not even required to advise

such a subordinate of facts the candidate knows must be reported. The majority justifies this position by stating that "[f]ine distinctions are drawn from section to section in the [Ethics in Government] Act regarding which persons are authorized to file the required campaign disclosure reports." It is my view that this "nit picking" logic is unreasonable and that the majority's reading of OCGA § 21-5-34 (a) (3) renders impotent the purpose of OCGA § 21-5-30 (d), i.e., to provide public access to information which will allow "the public to determine whether significant private interests of public officers have influenced the state's public officers to the detriment of their public duties and responsibilities. . . ." OCGA § 21-5-2.

The majority cites *Schloth v. Smith*, 134 Ga. App. 529, 530 (2) (215 SE2d 292), in support of the view that a strict reading of OCGA § 21-5-34 (a) (3) allows candidates to foist responsibility under the Ethics in Government Act. This reliance is misplaced. In *Schloth*, this Court dismissed a judicial candidate's challenge to the results of an election, holding that the nominee failed to comply with the statutory time period specifically prescribed for contesting such elections. Id. at 530. This holding is not dispositive in the case sub judice as nothing in OCGA § 21-5-34 (a) (3) specifies that candidates for public office (such as Moore) are relieved of responsibility for accurately reporting "common source" campaign contributions. This Code subsection simply provides an avenue for a candidate's delegation of the duty to file a campaign contribution disclosure report to a subordinate. Any view to the contrary, is inconsistent with the general rule that a principal may authorize an agent to act for the principal but may not thereby foist responsibility to act and the consequences of any failure to so act. See *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 956 (216 SE2d 897).

I would reverse the superior court's order reversing the State Ethics Commission's finding that Moore knowingly failed to comply with the reporting requirements of OCGA § 21-5-30 (d).

I am authorized to state that Presiding Judge Birdsong, Presiding Judge Beasley, and Senior Appellate Judge Harold R. Banke join in this dissent.

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 —

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General,* for appellant.

*Lissner, Killian, Cunningham & Boyd, Robert P. Killian,* for appellee.

*Kathlyn McCluskey*, amicus curiae.