**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 15, 2016**

# In the Court of Appeals of Georgia

A16A0526. GEORGIA DEPARTMENT OF JUVENILE JUSTICE
    v. DANIEL LEE ELLER.

RICKMAN, Judge.

The Department of Juvenile Justice ("DJJ"), though a non-party to the proceedings below,[1] appeals from a superior court order directing DJJ to hold in its custody Daniel Lee Eller, a criminal defendant prosecuted as an adult for a crime he committed as a juvenile, until he turns 21 years old. DJJ contends that, contrary to the

---

[1] DJJ has standing to appeal the superior court's order pursuant to OCGA § 5-7-1 (a) (6) ("An appeal may be taken by and on behalf of the State of Georgia . . . [f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state."). See also OCGA § 5-6-34 (1); *Darden v. Ravan*, 232 Ga. 756, 758 (1) (208 SE2d 846) (1974) ("A judgment rendered sua sponte by the superior court which mandates actions and which, if valid, would authorize the court to hold the persons named in such judgment in contempt of court is an appealable judgment.")

superior court's directive, the plain language of OCGA § 17-10-14 (a) mandates that Eller be transferred to the Department of Corrections upon his seventeenth birthday. We agree and reverse.

The record shows that in 2013, Eller entered a negotiated guilty plea to child molestation and burglary in the Superior Court of Hall County. Eller was 15-years old at the time of the crime, and was prosecuted as an adult in the superior court. He received a 40-year sentence, with 15 years to be served in confinement.

During the sentencing hearing, defense counsel requested the judge to direct that Eller remain in the custody of DJJ until he turned 21 years old, and the State indicated it had no objection to the request. Although the judge expressly questioned her authority to impose that specific condition on Eller's sentence, she ultimately agreed to it after both parties took the position that she was authorized to do so.

In January 2014, when Eller turned 17 years old, the Department of Corrections attempted to take Eller into its custody pursuant to OCGA § 17-10-14 (a). The superior court conducted a sentence review hearing,[2] after which it ordered that Eller

_____

[2] The hearing was conducted pursuant to OCGA § 49-4A-9 (e), as discussed below.

2

was to remain in the custody of DJJ until his twenty-first birthday. DJJ appeals, arguing that the superior court's order violates Georgia law.

As asserted by the DJJ, OCGA § 17-10-14 (a) mandated a transfer of Eller to the Department of Corrections upon Eller's seventeenth birthday:

> [When] a person under the age of 17 years is convicted of a felony and sentenced as an adult . . . to a certain term of imprisonment, such person shall be committed to the Department of Juvenile Justice to serve such sentence in a detention center of such department until such person is 17 years of age at which time such person *shall* be transferred to the Department of Corrections to serve the remainder of the sentence. . . .

(Emphasis supplied.)

Notwithstanding the foregoing statutory mandate, Eller asserts that his retention in DJJ custody is authorized by OCGA § 49-4A-9 (e). That statute provides that when a child under the age of 17 years who was convicted of a felony and sentenced in the superior court as an adult approaches the age of 17, the DJJ

> shall notify the court that a further disposition of the child is necessary. . . . The court shall review the case and determine if the child, upon becoming 17 years of age, should be placed on probation, have his or her sentence reduced, be transferred to the Department of Corrections for the remainder of the original sentence, *or be subject to any other determination authorized by law*.

3

(Emphasis supplied.) Eller maintains that by directing DJJ to retain custody of him until he turns 21 years old, the superior court lawfully exercised its authority to subject him to "any other determination."[3]

When read together, we reject Eller's contention that OCGA § 49-4A-9 (e) authorized the superior court to disregard the mandates of OCGA § 17-10-14 (a) under the circumstances presented in this case. It is axiomatic that "[when] the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly." (Citation and punctuation omitted.) *Hough v. State*, 279 Ga. 711, 716 (2) (a) (620 SE2d 380) (2005); see *Mullins v. First General Ins. Co.*, 253 Ga. 486, 487 (322 SE2d 265) (1984). In fact, judicial construction of the language of an unambiguous statute "is not only unnecessary but forbidden." (Citation and punctuation omitted.) *Hough*, 279 Ga. 716 (2) (a); see *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999). "The doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced. Under that doctrine, statutory construction belongs to the courts,

---

[3] After being invited by this Court to file an appellate brief, the State filed a brief in which it generally agreed with Eller's interpretation of the statutory law.

4

legislation to the legislature. We can not add a line to the law." (Citation and punctuation omitted.) *State v. Fielden*, 280 Ga. 444, 448 (629 SE2d 252) (2006).

OCGA § 17-10-14 (a) explicitly and unequivocally provides that, upon turning 17 years old, a juvenile in DJJ custody who was sentenced in superior court as an adult "*shall* be transferred to the Department of Corrections to serve the remainder of the sentence." In passing OCGA § 49-4A-9 (e), the Georgia Legislature authorized the sentencing court to review and reassess a juvenile's case as his or her transfer date approaches in order to consider whether to impose an alternative disposition. Pursuant to the express language of that statute, to the extent that the superior court reviewed Eller's case and determined that an alternative disposition was warranted, the judge was authorized to: place him on probation, reduce his sentence, allow his transfer to the Department of Corrections, or fashion "any other determination *authorized by law*." Ordering that Eller remain in DJJ custody until he reaches 21 years of age, however, was neither authorized by OCGA § 49-4A-9 (e) or any other provision of Georgia law.

Were we to construe OCGA § 49-4A-9 (e) in the manner proposed by Eller, it would render meaningless the express statutory requirement that any alternative determination imposed by the sentencing court otherwise be "authorized by law."

5

This we cannot do. See *Chatman v. Findley*, 274 Ga. 54, 55 (548 SE2d 5) (2001); *Ramos-Silva v. State Farm Mut. Ins. Co.*, 300 Ga. App. 699, 701 (686 SE2d 345) (2009). Our conclusion is further buttressed by the fact that when passing the Juvenile Code, the legislature expressly provided that a child adjudicated in juvenile court to having committed a similar felonious act could be detained in DJJ custody until the age of 21. See OCGA § 15-11-602 (g). "We must assume, in the absence of evidence to the contrary, that these distinctions are intended by the General Assembly, and construe them as written." (Footnote omitted.) *State Ethics Commr. v. Moore*, 214 Ga. App. 236, 239 (447 SE2d 687) (1994). And while we agree with the dissent that OCGA § 49-4A-9 (b) provides the superior court broad discretion to modify its orders for the welfare of "any child" subject to its jurisdiction, the plain language of subsection (e) limits that discretion once that child becomes 17 years of age.

*Judgment reversed. Miller, P. J., Ellington, P. J., Boggs, Branch, McMillian, and Mercier, JJ., concur. Barnes, P. J., and McFadden, J., dissent.*

A16A0526. GEORGIA DEPARTMENT OF JUVENILE JUSTICE

   v. DANIEL LEE ELLER.


BARNES, Presiding Judge.

I respectfully dissent to the majority's opinion because construing OCGA § 17-10-14 to remove the sentencing court's discretion to exercise jurisdiction over Eller until he reaches age 21 would render OCGA § 49-4A-9 meaningless. A cardinal rule of statutory construction is that "the courts shall look diligently for the intention of the General Assembly." OCGA § 1-3-1 (a). This court will not construe a statute so as to render any portion of it meaningless. *Sikes v. State*, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997). "All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language."(Citations omitted.) *J. Kinson Cook, Inc. v. Weaver*, 252 Ga. App. 868, 870 (556 SE2d 831) (2001).

   OCGA § 17-10-14 (a) provides that

   in any case where a person under the age of 17 years is convicted of a
   felony and sentenced as an adult to life imprisonment or to a certain

term of imprisonment, such person shall be committed to the Department of Juvenile Justice to serve such sentence in a detention center of such department until such person is 17 years of age at which time such person *shall* be transferred to the Department of Corrections to serve the remainder of the sentence.

Yet OCGA § 49-4A-9 (e) authorizes the sentencing court to review the case once the child is 17 years of age and determine if the child "should be placed on probation, have his or her sentence reduced, be transferred to the Department of Corrections for the remainder of the original sentence, or be subject to any other determination authorized by law." Likewise OCGA § § 49-4A-9 (b) provides that

> [*a]ny final order of judgment by the court in the case of any such child shall be subject to such modification from time to time as the court may consider to be for the welfare of such child*. No commitment of any child to any institution or other custodial agency shall deprive the court of jurisdiction to change the form of the commitment or transfer the custody of the child to some other institution or agency on such conditions as the court may see fit to impose, *the duty being constant upon the court to give to all children subject to its jurisdiction such oversight and control in the premises as will be conducive to the welfare of the child and the best interests of the state*.

Moreover, 49-4A-9 (c), provides that the final judgment is subject to modification and that the sentencing court shall "*shall review the case and make such*

2

*order with respect to the continued confinement or release of the child back to the committing court for further disposition as the court deems proper*."

The majority proposes that the OCGA § 49-4A-9 (e) authorizes the sentencing court to only make determinations "*authorized by law*" and that remaining in DJJ custody is not *authorized by law* per the express language in OCGA § 17-10-14 (a) mandating the automatic transfer from DJJ custody upon turning 17 years old. The majority, however, fails to reconcile why any review by the sentencing court would be permitted per OCGA § 49-4A-9 court once a juvenile turned 17 if transfer to the Department of Corrections was an unequivocal operation of law. "We must presume that the Legislature's failure to include . . . limiting language was a matter of considered choice." *Transp. Ins. Co. v. El Chico Restaurants, Inc.*, 271 Ga. 774, 776 (524 SE2d 486) (1999)  This legislation clearly contemplates that a sentencing court might retain jurisdiction over a juvenile until the age of 21. See OCGA § 49-4A-8 (k).

I would affirm the trial court's order directing that Eller remain in DJJ custody until the age of 21. Accordingly, I dissent from the majority's opinion.


I am authorized to state that Judge McFadden has joined in this dissent.

3