**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 30, 2020**

# In the Court of Appeals of Georgia

A19A2151. IN THE INTEREST OF P. T., a child.

PHIPPS, Senior Appellate Judge.

P. T., a 15-year old male, appeals from an Adjudication Order finding him delinquent in two cases for his commission of public indecency and felony sexual battery (Case No. 18DL01498, also referred to as the "First Case") and a second count of felony sexual battery (Case No. 18DL02859, also referred to as the "Second Case").[1] He contends that the juvenile court erred in adjudicating him delinquent for the offense of either felony sexual battery instead of the lesser offense of

---

[1] Pursuant to the State's election, the trial of the Second Case occurred first. After P. T. was found delinquent of the felony sexual battery charge in the Second Case, he chose to enter a plea under *Alford v. North Carolina*, 400 U. S. 25 (91 SCt. 160, 27 LE2d 162) (1970), as to the charges in the First Case. P. T.'s counsel requested that the juvenile court enter a single disposition of both cases. The juvenile court entered its Adjudication Order accordingly.

misdemeanor child molestation or misdemeanor sexual battery. For the reasons that follow, we discern no error and affirm.

Viewed in the light most favorable to the juvenile court's delinquency adjudication,[2] the trial evidence showed that P. T., the 15-year old female victim ("M. N."), and the 14-year old female victim ("B. D.") attended the same high school. On March 15, 2018, P. T. and M. N. skipped the lunch period and entered an empty classroom to "hang out." While in the classroom, P. T. grabbed M. N.'s buttocks and tried to remove her leggings. M. N. testified that P. T.'s intentional act of touching her buttocks was without her consent. M. N. further stated that she told P. T. to stop and tried to push P. T. away from her, but P. T. held her against a wall and refused to let her leave. P. T. then pulled down his pants and underwear, exposing his penis. When the school bell rang for the next class, M. N. was able to escape and ran from the classroom.

---

[2] See *In the Interest of J. L. B.*, 280 Ga. App. 556, 559-560 (5) (634 SE2d 514) (2006) (when considering the sufficiency of the evidence supporting an adjudication of delinquency, "we view the evidence in favor of the juvenile court's finding, determining only if a reasonable finder of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.") (citation omitted).

Later that night, M. N. received messages from P. T.'s Instagram account, asking her not to tell anyone about the incident. One of P. T.'s messages stated, "I didn't rape you. It was more like a sexual assault."

A second female victim, B. D., testified that P. T. had also sexually assaulted her at school.[3] B. D. stated that in November of 2017, P. T. approached her after lunch and said that he wanted to talk to her about something. P. T. led B. D. to a school loading dock. B. D. described that without her consent, P. T. began touching her between her thighs. P. T. then pushed B. D. against a wall, unbuckled his pants, and exposed his penis while B. D. struggled to get away from him. B. D. further testified that she repeatedly told P. T. to stop, but he refused to do so. P. T. released B. D. only when a nearby elevator opened, at which time B. D. was able to leave the loading dock area.

M. N. disclosed the incident to her boyfriend. The boyfriend also was aware of P. T.'s prior sexual assault of B. D. When the boyfriend confronted P. T. about the incident involving M. N., P. T. admitted to the sexual assault. An altercation between

---

[3] Prior to trial, the State filed a notice of its intent to present evidence of P. T.'s prior bad acts pursuant to OCGA §§ 24-4-404 (b), 24-4-413, and 24-4-414. B. D. testified as a prior bad acts witness during the trial of the Second Case.

the boyfriend and P. T. occurred, and they had to report to school administrators, who opened an investigation regarding the matter.

During the school investigation, the assistant principal and the school resource officer received statements from both victims regarding the sexual assaults. The school resource officer obtained warrants against P. T. for sexual battery and public indecency based on the incident involving M. N. The school resource officer submitted a juvenile complaint to proceed with the sexual battery and public indecency charges against P. T. based on the incident involving B. D.

On May 4, 2018, a delinquency petition was filed in the First Case, Case No. 18DL01498, alleging the P. T. had committed several offenses related to P. T.'s sexual assault of B. D. The petition in the First Case was later amended to charge one count each of public indecency and felony sexual battery. Thereafter, on August 17, 2018, a second delinquency petition was filed in the Second Case, Case No. 18DL02839, alleging that P. T. had committed felony sexual battery against M. N. when he intentionally made physical contact with M. N.'s buttocks.

Prior to trial, P. T. filed a motion to dismiss the delinquency petitions. The motion sought dismissal of the felony sexual battery charges based on the rule of lenity, which P. T. claimed required a prosecution for misdemeanor child molestation

4

or misdemeanor sexual battery instead. Following a hearing, the trial court denied the motion.

The trial subsequently ensued. After hearing the witness testimony and reviewing the trial exhibits, the juvenile court found that the totality of the evidence established beyond a reasonable doubt that P. T. had committed the felony sexual battery offense as alleged in the petition for the Second Case. After the delinquency ruling in the Second Case, P. T. entered a plea pursuant to *Alford v. North Carolina*, 400 U. S. 25 (91 SCt. 160, 27 LE2d 162) (1970), as to the charges in the First Case. The juvenile court entered an order adjudicating P. T. delinquent and placed him on probation for one year for both cases. P. T. thereafter filed the instant appeal to challenge the felony disposition.

1. P. T. contends that the rule of lenity requires that he only be sentenced for misdemeanor child molestation, not felony sexual battery, because the evidence established both offenses. Alternatively, he argues that he should have been adjudicated for the lesser offense misdemeanor sexual battery. We disagree.

(a) As an initial matter, P. T.'s entry of an *Alford* plea in the First Case precludes him from pursuing his claims concerning that case. P. T.'s arguments seeking application of the rule of lenity first were presented in his pretrial motion to

5

dismiss, which the trial court denied. Thereafter, when entering his plea, P. T. acknowledged that he understood the charges of the petition against him, and that he was willing to be found delinquent of the felony sexual battery charge. P. T. has not sought to withdraw his plea, and he does not contend that his plea was involuntarily entered. As such, his claim challenging his delinquency adjudication in the First Case has been waived. See *McKeever v. State*, __ Ga. App. __, *1 (4) (Case No. A19A1417, decided Nov. 15, 2019) (defendant's *Alford* plea waived claims of trial court errors unrelated to the voluntariness of the plea); *LaFette v. State*, 285 Ga. App. 516, 518 (3) (646 SE2d 725) (2007) (defendant's *Alford* plea waived challenges to trial court's decisions announced before entry of the plea).

(b) We now turn to address P. T.'s claim seeking to apply the rule of lenity in the context of his Second Case, in which he was adjudicated delinquent of felony sexual battery following trial. We conclude that P. T.'s claim provides no basis for reversal.

> [T]he rule of lenity finds its roots in the vagueness doctrine, which requires fair warning as to what conduct is proscribed. More specifically, the rule of lenity ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment. Of

6

course, if it is determined after applying the traditional canons of construction that the relevant statutory text is unambiguous, then the rule of lenity will not apply. The fundamental inquiry when making that assessment is whether the identical conduct would support a conviction under either of two crimes with differing penalties. Put another way, the operative question is whether [P. T.'s] conduct, as charged, subjected him to prosecution and sentencing under both statutes.

(Citations and punctuation omitted.) *Koroma v. State*, 350 Ga. App. 530, 531 (2) (827 SE2d 903) (2019). In examining this issue, our Georgia Supreme Court and this Court have cautioned that simply because "a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity." *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007); *Gordon v. State*, 334 Ga. App. 633, 635 (780 SE2d 376) (2015).

The delinquency petition in Case No. 18DL02859 accused P.T. of one count of felony sexual battery based on his acts of "intentionally mak[ing] physical contact with the buttocks of the body of [the victim, M. N.], a child under the age of 16 years, without her consent." Under OCGA § 16-6-22.1 (b), "[a] person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." Subsection (a) of the statute includes the buttocks of a victim in the definition of

7

"intimate parts." See OCGA § 16-6-22.1 (a). Subsection (d) of the statute provides that when the victim is under the age of 16 years, the perpetrator of a sexual battery offense shall be guilty of a felony. See OCGA § 16-6-22.1 (d). Here, the allegations of the delinquency petition and the victim's testimony at the delinquency hearing establish that P. T.'s acts fell squarely within the definition of felony sexual battery.

P. T. nevertheless argues that he should have been adjudicated for the lesser offense of misdemeanor child molestation under OCGA § 16-6-4 (a) (1) and (b) (2). "A person commits the offense of child molestation when such person … [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1). Subsection (b) (2) of the child molestation statute provides that "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor[.]" OCGA § 16-6-4 (b) (2). The fact that P. T.'s conduct also may have violated the child molestation penal statute does not implicate the rule of lenity. See, e.g., *Banta*, 281 Ga. at 618 (2). This Court has previously explained that the rule of lenity does not apply between the statutes criminalizing sexual battery and child molestation because

8

the offense of child molestation requires additional proof of defendant seeking to arouse his own sexual desires, which is not required for the offense of sexual battery. See *Koroma*, 350 Ga. App. at 532-533 (2); *Parfenuk v. State*, 338 Ga. App. 95, 100-101 (3) (789 SE2d 332) (2016). Likewise, the offense of sexual battery requires proof of physical contact and the victim's lack of consent, which are not required for the offense of child molestation. Compare OCGA § §16-6-22.1 (b), 16-6-4 (a) (1). As such, the two statutes do not conflict and there is no uncertainty as to which penal clause is applicable in this case. The delinquency petition's allegations and the evidence of this case established that P. T. intentionally made physical contact with the buttocks of the body of the victim, who was under the age of 16 years,[4] without the victim's consent. Thus, felony sexual battery under OCGA § 16-6-22.1 (b) and (d) were the applicable penal clauses.

P. T.'s reliance upon *Dixon v. State*, 278 Ga. 4 (596 SE2d 147) (2004), is misplaced. In *Dixon*, the Georgia Supreme Court held that due to the conflicting nature of the misdemeanor statutory rape and felony child molestation statutes criminalizing sex between teenagers whose ages were less than three years apart,

---

[4] It is undisputed that the victim of the sexual battery was 15 years of age on the date of the incident.

uncertainty developed as to which penal clause was applicable; thus, the rule of lenity required that the defendant only be sentenced for the misdemeanor. Id. at 7 (1) (d). But *Dixon* is distinguished from the instant case in that *Dixon* involved conflicting definitions of the "exact same conduct as either misdemeanor statutory rape or felony child molestation." Id. at 6 (1) (a). Unlike *Dixon*, as explained above, the sexual battery and child molestation statutes at issue in this case do not involve conflicting definitions and do not define the exact same conduct. See *Parfenuk*, 338 Ga. App. at 100-101 (3).[5] The rule of lenity therefore does not apply here.

We likewise reject P. T.'s argument that he was entitled to a delinquency adjudication for misdemeanor sexual battery under OCGA § 16-6-22.1 (c). Subsection (c) of the statute states that "[e]xcept as otherwise provided in this Code section, a person convicted of the offense of sexual battery shall be punished as for a misdemeanor of a high and aggravated nature." OCGA § 16-6-22.1 (c). The exception for misdemeanor punishment is set forth in subsection (d) of the statute,

_____

[5] *Dixon* otherwise acknowledges that the legislative intent to provide a lesser punishment for acts of sexual intercourse between teenagers did not apply to acts involving forcible rape, i.e., acts perpetrated without the victim's consent. *Dixon*, 278 Ga. at 6 (1) (a). Unlike misdemeanor statutory rape or misdemeanor child molestation, the sexual battery offense requires proof of the victim's lack of consent. See OCGA § 16-6-22.1 (b).

which clearly and pertinently provides that "[a] person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony[.]" OCGA § 16-6-22.1 (d). The enhanced sentencing provision for sexual battery focuses upon the age of the victim, not the age of the defendant.

If the Legislature had intended to provide more lenient treatment for teenagers who commit sexual battery against another minor, it could have amended the statute in the same manner as the statutes for statutory rape and child molestation. See Ga. L. 2006, p. 379, Section 10 (adding misdemeanor sentencing provision for statutory rape under OCGA § 16-6-3 (c) based on the relative ages of the defendant and the victim, stating that "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim[.]"; Ga. L. 2006, p. 379, Section 11 (adding misdemeanor sentencing provision for child molestation under OCGA § 16-6-4 (b) (2) based on the respective ages of the defendant and the victim, stating that "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the victim[.]"). But the Legislature did not do so. And we reject P. T.'s suggestion that this Court should apply a judicial construction that would add an exception to

11

felony sentencing under OCGA § 16-6-22.1 (d) based upon the relative ages of the perpetrator and the victim. In this regard, we remain mindful of our obligation in applying the rules of statutory construction.

> It is axiomatic that when the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, judicial construction of the language of an unambiguous statute is not only unnecessary but forbidden. The doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced. Under that doctrine, statutory construction belongs to the courts, legislation to the legislature.

(Citations and punctuation omitted.) *Ga. Dept. of Juvenile Justice v. Eller*, 338 Ga. App. 247, 248 (789 SE2d 412) (2016). We will not usurp the role of the Legislature to prescribe a different sentencing scheme when the statute controlling the offense for which a defendant is adjudicated or convicted plainly and unambiguously dictates the proper punishment that shall be imposed. Because the evidence establishes that P. T.'s act of sexual battery was committed against the victim, who was under the age of 16 years, felony punishment under OCGA § 16-6-22.1 (d) was required. See *Hernandez v. State*, 300 Ga. App. 792, 794-795 (2) (686 SE2d 373) (2009) (defendant

12

was properly sentenced for felony sexual battery based on uncontested and overwhelming evidence demonstrating that the victim was under the age of 16 years).

2. P. T. further argues that the sentencing disparity between felony sexual battery and misdemeanor child molestation violates equal protection. Because this constitutional claim was not raised and ruled upon in the trial proceedings below, it has been waived. See *Darby v. State*, 239 Ga. App. 492, 495 (2) (b) (521 SE2d 438) (1999) (This Court is precluded from reviewing constitutional issues not explicitly ruled on by the trial court); *Fincher v. State*, 231 Ga. App. 49, 51 (1) (497 SE2d 632) (1998) ("arguments regarding constitutional issues which were not raised or ruled on below will not be considered on appeal") (citation omitted).

*Judgment affirmed. McFadden, C. J., and McMillian, P. J., concur*.